IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL CURTIS REYNOLDS, #10671-023, <br><br>          Plaintiff, <br><br> v. <br><br> FAISAL VAKIL AHMED, ERIC WILLIAMS, and AW SANTIAGO, <br><br>          Defendants. | Case No. 21-cv-00345-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Michael Reynolds, an inmate with the Federal Bureau of Prisons who is currently incarcerated at the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville), brings this civil rights action alleging violations of his constitutional rights by persons acting under the color of federal authority that occurred in connection with inadequate COVID-19 precautions. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (allowing "suits against federal employees for violation of constitutional rights"). He seeks injunctive relief in the form of a prison transfer to the Northeast region of the United States and monetary damages. (Doc. 1, p. 5). Along with the Complaint, Reynolds has filed a Motion for Preliminary Injunction. (Doc. 2).

Prior to addressing the Motion for Preliminary Injunction, the Court will conduct a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**PRELIMINARY MATTER – FILING FEE**

Reynolds has not paid the $402 filing fee, nor has he sought leave to proceed *in forma pauperis* ("IFP") in this case as he is required. *See* 28 U.S.C. § 1914(a). As a matter of course, the Clerk of Court has sent notice that Reynolds has 30 days to either pay or move for IFP status. (Doc. 4). Regardless, because Reynolds seeks immediate emergency injunctive relief, the Court will take up the case now. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012). However, Reynolds must still meet his obligations with regard to the filing fee. He must either pay the $402 filing fee or submit a motion for leave to proceed IFP in this action, together with his inmate trust fund account statement for the six month period prior to the filing date of this case, no later than April 30, 2021. (Doc. 4). If Reynolds fails to either pay or submit his IFP motion, this action shall be subject to dismissal for failure to comply with an order of the Court. *See* FED. R. CIV. P 41(b).

Because Reynolds discloses that prior to filing this action he has accumulated at least three "strikes" for purposes of Section 1915(g), he must also assert that he is under imminent danger of serious physical injury if he files a motion to proceed IFP. (Doc. 1, p. 8) ); *see also Reynolds v. USA,* 19-cv-1390-JPG, 2020 WL 128683 at *1 (S.D. Ill. Jan. 10, 2020) (discussing Reynolds's case history). Reynolds has filed a Motion for Changes to Filing in which he (1) notifies the Court of a new service address for Defendant Williams; (2) claims imminent danger; and (3) offers arbitration to Defendants. (Doc. 6). The Motion is granted to the extent Reynolds is notifying the Court of a service address for Williams. However, as Reynolds has not filed an IFP motion and supporting financial information, the Court will not consider imminent danger at this time, and the Motion for Changes is denied. Furthermore, to the extent Reynolds is requesting a settlement conference with Defendants by requesting arbitration, such request is premature and denied. Defendants have not had been served and have not had an opportunity to fully investigate the

merits of the case, which bears directly on any possible negotiations.

## THE COMPLAINT

Reynolds alleges the following: An outbreak of the COVID-19 virus occurred at FCI-Greenville when Dr. Ahmed, who is not licensed to practice medicine in Illinois, brought an inmate known to be infected with the virus into Reynold's housing unit without quarantining the inmate for 14 days prior to placement. (Doc. 1, p. 12). Dr. Ahmed also allowed staff members with COVID-19 to work in Reynold's housing unit, further exposing him to the virus. Due to Dr. Ahmed's failure to maintain quarantine procedures, over 218 inmates at FCI-Greenville, including Reynolds, have contracted COVID-19. (*Id.*; Doc. 2, p. 2). Defendants Warden Williams and Assistant Warden Santiago knew that Dr. Ahmed did not maintain proper quarantine procedures. (Doc. 1, p. 13). Additionally, Warden Williams was advised of staff refusing to wear masks, travelling to and from quarantine blocks, and working in quarantined areas and then working in a general population block during the COVID-19 outbreak. (*Id.*).

Dr. Ahmed has also halted all medical treatment during the pandemic. (Doc. 1, pp. 5, 7, 13). Reynolds continues to experience lingering COVID symptoms, such as cough, chest pains, fatigue, muscle and joint pain, and nose bleeds. (Doc. 1, p. 12; Doc. 2, p. 12). He submitted sick calls for these issues and his hernia pain, but Dr. Ahmed ignored his requests for treatment. (*Id.*).

Reynolds is 63 years old and has a recorded family medical history of congenital heart failure. (Doc. 1, p. 12). In the last three years, Dr. Ahmed has not taken any EKG's or sent Reynolds to an outside specialist for his heart condition. Dr. Ahmed also did not provide any medical attention to Reynolds, despite the fact he has a high risk of suffering complications from the virus due to his age and other medical conditions. (*Id.* at p. 12-13).

## PRELIMINARY DISMISSALS

In the Complaint, Reynolds indicates that he is bringing his claims against federal officials

for the violation of his constitutional rights pursuant to *Bivens*. (Doc. 1, p. 3). He also has filed a "notice of final denial," and so, it appears he is attempting to pursue claims pursuant to the Federal Tort Claims Act ("FTCA") *See* 28 U.S.C. § 2675(a) (requiring exhaustion prior to filing suit).

The FTCA authorizes "civil actions on claims against the United States, for money damages ... for ... personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1) (emphasis added). The "only proper defendant in an FTCA action is the United States." *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). *See* 28 U.S.C. § 2679(b). The United States must be named as a party.

Here, Reynolds has failed to name the United States as a defendant in the case caption. Therefore, any claims brought pursuant to the FTCA are dismissed without prejudice. *See Myles v. United States,* 416 F. 3d 551, 551(7th Cir. 2005) (citing FED. R. CIV. P. 10(a)).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Counts:

**Count 1:** Eighth Amendment claim of deliberate indifference to serious medical conditions against Dr. Ahmed for denying Reynolds medical treatment for his hernia pain, COVID-19 symptoms, and heart condition.

**Count 2:** Eighth Amendment claim of unconstitutional conditions of confinement against Dr. Ahmed, Williams, and Santiago for failing to enforce and implement necessary safety protocols to protect Reynolds from exposure to COVID-19.

**Count 3:** Eighth Amendment claim against Williams and Santiago for allowing an unlicensed doctor to work at FCI-Greenville.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned**

**in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

### Counts 1 and 2

Having reviewed the allegations, the Court finds that Reynolds adequately sets forth allegations against Defendants in Counts 1 and 2, and his Eighth Amendment claims shall proceed. *See Cose v. Gorske,* 761 F. App'x 603, 606 (7th Cir. 2019) (providing that a deliberate indifference claim was sufficiently pled where plaintiff stated that a defendant knew of his medical condition from the medical records); *Gillis v. Litscher,* 468 F. 3d 488, 491 (7th Cir. 2006) (a prison official may be liable for denying humane conditions of confinement if the official knows the inmate faces a substantial risk of serious harm and disregards that risk) (citations omitted).[2]

### Count 3

In the Complaint, Reynolds states that Warden Williams and Assistant Warden Santiago knew Dr. Ahmed was not licensed and still allowed him to work at FCI-Greenville. (*See* Doc. 1, pp. 4, 13).

To successfully plead a constitutional claim, Reynolds must allege that Williams and Santiago were personally involved in violating his rights. A "defendant cannot be liable under *Bivens* on the theory of *repondeat superior* or supervisory liability, rather, there must be individual participation and involvement by the defendant…each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Arnett v. Webster,* 658 F. 3d 742, 757 (7th Cir. 2011). Additionally, as Reynolds was informed by Judge Gilbert in *Reynolds v.*

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).
[2] *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way the 42 U.S.C. § 1983 authorizes such suits against state officers…" *King v. Fed. Bureau of Prisons*, 415 F. 3d 634, 636 (7th Cir. 2005). Both types of claims are "conceptually identical and further the same policies," so courts often look to Section 1983 and its "decisional gloss" for guidance in construing the scope of the Bivens remedy. *Green v. Carlson*, 581 F.2d 669, 673 (7th Cir. 1978) (recognizing Eighth Amendment claims in Bivens action).

*Ahmed* practicing without a license "is neither a tort nor a violation of [his] constitutional rights under the theory set forth in *Bivens*…" No. 19-cv-1132-JPG, 2019 WL 5536851, at *1 (S.D. Ill. Oct. 25, 2019).

Because Reynolds has not alleged personal involvement by Williams and Santiago in a constitutional violation by allowing Dr. Ahmed to work at FCI-Greenville, Count 3 is dismissed.

### INJUNCTIVE RELIEF

Reynolds requests injunctive relief, in addition to money damages. (Doc. 1, p. 5). In a claim for injunctive relief, the government official who is responsible for carrying out the requested relief would be named as a defendant in his or her official capacity. *See Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir.2011). In the context of prison litigation, the official is usually the warden of the institution where the inmate is incarcerated. Accordingly, Reynolds may proceed on his claim for injunctive relief against Defendant Williams, in his official capacity as Warden of FCI-Greenville.

### MOTION FOR PRELIMINARY INJUNCTION

In the Motion for Preliminary Injunction, Reynolds claims that proper COVID-19 procedures are still not being implemented at FCI-Greenville. (Doc. 2, p. 2). He states that if the situation remains unchanged, he will again contract the virus.

Reynold's request for a preliminary injunction will remain pending until Defendants have been served. **Defendants are ordered to respond to the request for a preliminary injunction within 14 days of service of the pleadings in this case,** at which point the Court will determine the need for a hearing on the motion requesting a preliminary injunction.

### DISPOSITION

For the reasons stated above, the Complaint survives screening pursuant to Section 1915A. **Count 1** shall proceed against Dr. Ahmed, and **Count 2** shall proceed against Dr. Ahmed,

Williams, and Santiago. **Count 3** is **DISMISSED without prejudice.**

The Motion for Preliminary Injunction (Doc. 2) remains pending and **Defendants are DIRECTED to file a response to the motion within 14 days of service of the pleadings.**

The Motion for Changes to Filing (Doc. 6) is **GRANTED in part** and **DENIED in part.**

In accordance with the Court's Order at Doc. 4, Reynolds is **DIRECTED** to pay the $402 filing fee or submit a motion for leave to proceed IFP in this action, together with his inmate trust fund account statement for the six month period prior to the filing date of this case, no later than **April 30, 2021.** If Reynolds fails to either pay or submit his IFP motion, this action shall be subject to dismissal for failure to comply with an order of the Court. *See* FED. R. CIV. P 41(b).

The Clerk of Court shall prepare for Defendants **Santiago** and **Ahmed** the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff Reynolds. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Because **Warden Williams** is a defendant in his individual and official capacities, the Clerk of Court is **DIRECTED** to complete, on Reynold's behalf, a summons and form USM-285 for service of process on **Defendant Williams**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve **Defendant Williams** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally

deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint, and this Memorandum and Order.

If a defendant cannot be found at the work address provided by Plaintiff Reynolds, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Because this suit addresses medical claims, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Reynolds, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether an application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Reynolds is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   April 19, 2021**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.