IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL CURTIS REYNOLDS, #10671-023,<br><br>        Plaintiff,<br><br>v.<br><br>FAISAL VAKIL AHMED, *et al.*,<br><br>        Defendants. | Case No. 21-cv-00345-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Motion for Partial Stay (Doc. 31) filed by Defendant Williams and a Motion for Miscellaneous Relief (Doc. 32) filed by Plaintiff Reynolds. For the following reasons, the Motion for Partial Stay is granted and the Motion for Miscellaneous Relief is denied.

### BACKGROUND

Plaintiff Michael Reynolds, an inmate with the Federal Bureau of Prisons who is currently incarcerated at the Federal Correctional Institution located in Greenville, Illinois ("FCI-Greenville"), commenced this civil rights action by filing a Complaint alleging violations of his constitutional rights by persons acting under the color of federal authority that occurred in connection with inadequate COVID-19 precautions. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Along with the Complaint, Reynolds filed a motion for preliminary injunction. (Doc. 2).

The Court conducted a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, and Reynolds is proceeding with an Eight Amendment claim of deliberate indifference to

serious medical conditions against Dr. Ahmed (Count 1) and an Eighth Amendment claim of unconstitutional conditions of confinement against Dr. Ahmed, Williams, and Santiago (Count 2). (Doc. 7). Reynolds was directed to either file a motion for leave to proceed *in forma pauperis* ("IFP") or pay $402 filing fee by April 30, 2021. Reynolds was warned that failure to comply may result in dismissal of this case. Because Reynolds has received at least three "strikes" for the purposes of Section 1915(g),[1] the Court stated that Reynolds's claims regarding imminent danger would be addressed upon the filing of an IFP motion.[2] Defendants were directed to file a response to the motion for preliminary injunction within fourteen days of service of the pleadings. Counsel for Williams entered a limited appearance as to the official capacity claims against Williams and filed a response in opposition to the motion for preliminary injunction. (Doc. 21). Defense Counsel for Williams indicates that it is his understanding that all three Defendants are still in the process of requesting representation from the Department of Justice regarding the individual capacity claims.

On June 2, 2021, Williams filed a motion to stay proceedings, and on June 15, 2021, Reynolds sent a letter to the undersigned entered in the docket as a "Motion for Miscellaneous Relief." (Docs. 31, 32).

## DISCUSSION

In the motion for partial stay, Williams asks the Court to stay all litigation activities and deadlines, other than those associated with the pending motion for preliminary injunction, until the filing fee issue is resolved. Reynolds has not filed a motion to proceed IFP or paid the filing

---

[1] *See Reynolds v. USA*, 19-cv-1390-JPG, 2020 WL 128683, at *1 (S.D. Ill. Jan. 10, 2020) (discussing Reynolds's case history).
[2] Pursuant to 28 U.S.C. § 1915(g), a prisoner is prohibited from bringing a civil action IFP, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

fee in full and the deadline to do so has expired. Thus, the case is subject to dismissal. Williams recognizes that the pending motion for preliminary injunction should be resolved regardless of the outstanding fees but argues that because not all Defendants have been served and there are varying responsive pleading deadlines, requiring Defendants to adhere to the deadlines in this case could result in inefficiencies, such as multiple extensions of time. Williams also states that a partial stay is warranted because Reynolds continues to file various motions that are inappropriate given the stage of case.

In Reynolds's letter, he asserts that staff at FCI-Greenville are harassing and retaliating against him. (Doc. 32). He claims that he has already sent three IFP motions and assumes that the Court has received at least one since the Court discussed imminent danger in the preliminary review order. Reynolds states he sent a third IFP motion on June 3, 2021. He assumes that if the Court did not receive his IFP motions, it is because staff have stolen his outgoing mail. Reynolds also alleges he was assaulted by another inmate over a month ago and that inmate was moved. The inmate has recently been placed back in his housing block, 3A. Reynolds has informed staff that the inmate is a threat to his safety, but staff have not moved the inmate in retaliation against him for filing this lawsuit. He asks the Court to protect his rights and court access.

To the extent Reynolds is seeking injunctive relief in the letter to the Court, the request is denied. Injunctive relief is appropriate only if it seeks relief of the same character sought in the underlying suit. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Daniels v. Dumsdorff,* No. 19-cv-00394-NJR, 2019 WL 3322344 at *1 (S.D. Ill., July 24, 2019). The claims in the letter pertain to individuals who are not parties to this action and are outside the scope of the Complaint, regarding adherence to COVID-19 safety protocols and medical treatment. Additionally, Reynolds cannot amend the claims in the Complaint in a piecemeal fashion or through an injunction motion. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).

The motion for partial stay is granted. Reynolds has been directed twice by this Court to pay the filing fee in full or file an IFP motion along with his inmate trust fund account statement. (Docs. 4, 7). The deadline has expired, and he has not complied with the Court's directive. The Court previously received a "Motion for Changes to Filing," in which Reynolds asserted he was in imminent danger. (*See* Doc. 6). The Court denied the motion in part and advised Reynolds that his claims of imminent danger would be considered once he filed an IFP motion. (Doc. 7, p. 2). The Court has not received an IFP motion from Reynolds, and his belief that they were stolen is not supported by any factual allegations, evidence, or the record. Since commencing this action on March 31, 2021, Reynolds has filed over a hundred and twenty pages of documents, including a complaint, a proposed summons request, six motions, a supplement, and exhibits. Because Reynolds will not be able to proceed with this case until his filing fee status is resolved, the motion for partial stay is granted. Defendants need not file an answer or other responsive pleading in this case unless and until directed to do so by the Court.

The Court will extend the deadline for Reynolds to comply with the Court's previous Orders. (Docs. 4, 7). Reynolds is advised, however, that he must file a motion to proceed IFP or pay the full filing fee if wants to continue litigating this case. If he chooses to file an IFP motion, Reynolds must include a copy of his trust fund account statement for the six-month period immediately preceding the filing of this action.

## DISPOSITION

As stated above, the Motion for Partial Stay (Doc. 31) filed by Defendant Williams is **GRANTED.** All litigation activities and deadlines, other than those associated with the pending Motion for Preliminary Injunction and the determination of Plaintiff Reynolds's filing fee status, are **STAYED.** Defendants need not file an answer or other responsive pleading to the Complaint in this case unless and until directed to do so by the Court.

Reynolds is **GRANTED** one last extension of time to comply with the Court's previous orders regarding his filing fee status. (*See* Docs. 4, 7). Reynolds has until **June 28, 2021,** to submit the $402.00 filing fee or a motion to proceed without prepayment of the filing fee. If Reynolds files a motion for leave to proceed *in forma pauperis*, he must also provide the trust fund account statement for the six-month period immediately preceding the filing of this action. The Clerk is **DIRECTED** to send Reynolds a copy of the Motion and Affidavit to Proceed in District Court without Prepaying Fees or Costs form. Failure to pay the filing fee or submit an IFP motion by the deadline, will result in dismissal of this case without prejudice for failure to prosecute and for failure to comply with an order of the Court. FED. R. CIV. P. 41(b); *Sperow v. Melvin*, 153 F.3d 780, 781 (7th Cir. 1998).

The Motion for Miscellaneous Relief (Doc. 32) filed by Plaintiff Reynolds is **DENIED.**

**IT IS SO ORDERED.**

**DATED:   June 17, 2021**

      *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**