IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL CURTIS REYNOLDS,** #10671-023, <br><br> Plaintiff, <br><br> v. <br><br> **FAISAL VAKIL AHMED**, *et al.*, <br><br> Defendants. | Case No. 21-cv-00345-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion for reconsideration filed by Plaintiff Michael Reynolds. (Doc. 88). Defendants filed a response in opposition. (Doc. 96). Plaintiff Reynolds has also filed a letter to the Court asking for a "mandamus" concerning mailing procedures at FCI-Greenville. (Doc. 95). For the following reasons, the motion and the request for mandamus are denied.

### MOTION FOR RECONSIDERATION

Plaintiff Reynolds commenced this action by filing a Complaint, and a motion for a preliminary injunction. (Docs. 1, 2). In the preliminary injunction motion, Reynolds alleges that Defendants have not implemented proper COVID-19 safety protocols at FCI-Greenville resulting in hundreds of inmates becoming infected with the virus. Reynolds previously contracted the virus, but he argues that further exposure will cause him irreparable harm because if he becomes infected again, he is at high risk of suffering complications due to his age and other medical conditions. Defendant Warden Williams filed a response to the motion and included a declaration from Associate Warden Jeffrey Cheeks in support of the response. (Doc. 21). Reynolds then filed a Motion to Redact and a supplement (Docs. 67, 71), claiming that Assistant Warden Cheeks

committed perjury by providing false statements in his declaration. Finding that Reynolds had not demonstrated perjury, rather disputed issues of fact, the Court denied his request to redact or strike the declaration by Cheeks. (Docs. 70, 73).

Reynolds has now filed a document titled "Opposition to AW Cheeks Perjury Denial." (Doc. 88). The Court construes the filing as a motion to reconsider the Court's order denying the motion to redact or strike and the supplement. Reynolds argues that the assertion by Cheeks that there has been no active COVID cases since January 2021 at FCI-Greenville conflicts with the COVID-19 infection numbers reported on the Bureau of Prisons website and cited in other judicial decisions. Because the correct numbers are easily available, it is evident that Cheeks intentionally gave false statements of fact and committed perjury.

Under Rule 54(b) of the Federal Rules of Civil Procedure, the Court may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. While motions to reconsider are permitted, they are disfavored, serving "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir.1996)). A manifest error of law or fact occurs when a district court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sal*es, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). However, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale*, 90 F. 3d at 1270. See also *Ahmed v. Ashcroft*, 388 F. 3d 247, 249 (7th Cir. 2004).

The Court does not find any manifest error of law or fact that would undermine its previous decision. Neither has Reynolds presented "newly discovered" evidence that warrants the Court's consideration. Rather, he restates the same arguments already rejected by the Court, and the

evidence Reynolds continues to cite does not demonstrate that Cheek committed perjury.

First, Reynolds takes issue with Jeffrey Cheeks's statement that as of May 17, 2021, "the institution's last inmate COVID case was a new commit who arrived COVID positive on January 31, 2021." (Doc. 21-1, p. 2021). None of the sources cited by Reynolds, however, directly conflict with this statement. Reynolds points to rulings in his criminal case, where he filed a petition for compassionate release. *See United States of America v. Reynolds,* No. 5-cr-493, Doc. 691 (M.D. Pa. Nov. 2, 2020). He claims that in March 2021, in *United States of America v. Reynolds,* Judge Mannion found that there were "some 54 additional cases since January 2021." (Doc. 88-1, p. 3). To the contrary, in an order dated March 29, 2021, Judge Mannion stated that "as of March 22, 2021, there are currently no positive COVID-19 cases among the inmates and 14 positive cases among staff [.]" *Reynolds,* at Doc. 738, p. 4 (M.D. Pa. Mar. 29, 2021). Reynolds also references other COVID-19 infection numbers at FCI-Greenville cited to by other federal district courts, but these numbers reflect the infection rate for time periods not addressed by Cheeks in his declaration.[1] Specifically, Reynolds cites to a case from the Eastern District of Michigan regarding a petition for compassionate release, in which the court stated that the defendants' reply brief "point[s] out that as of November 22, 2020 that FCI had 466 inmates testing positive for COVID-19[.]" *United States v. Nicholson,* No. 13-cr-20764, 2021 WL 84389 at *2 (E.D. Mich. Jan. 11, 2021). Reynolds claims that this statistic is in direct conflict with the statement "296 inmates infected then recovered in October 2020" (Doc. 88-1) Cheeks allegedly made, not in this case, but in a declaration filed in *United States v. Jefferson,* No. 97-cr-00276-MJD-JGL, Doc. 1813 (D. Minn. Nov. 5, 2020).[2] But again there is no direct conflict. Cheeks's alleged statement regarding

---

[1] Reynolds cites the following cases: *United States of America v. Hollins,* No. 15-20100-JAR, 2021 WL 103017, at *1 (D. Kan. Jan. 12, 2021) (as of January 8, 2021, "there are thirteen active inmate cases, thirteen active staff cases, and four tests pending at FCI Greenville"); *United States of America v. Ray,* No. 18-cr-00387-BLW, 2021 WL 918065, at *1 n. 1 (D. Idaho, March 20, 2021) ("At the time of the Government's response, FCI Greenville had 166 inmates and 14 staff with active COVID infections." (citing Dkt. 85, filed November 25, 2020)).
[2] Reynolds filed the Cheeks's declaration from *Jefferson* as an exhibit in in his compassionate release case. *See United States v. Reynolds*, at Doc. 744, p. 12 (M. D. Pa. Apr. 27, 2021).

October numbers is actually supported by the defendant's brief in *Nicholson,* which provides in the prior sentence that as of "October 30, 2020, FCI Greenville had accumulated a total of 296 positive cases." *Nicholson,* No. 13-cr-20764 at Doc. 866, p. 2 (E.D. Mich. Nov. 23, 2020).

Second, Reynolds claims that the statement made by Cheeks in his declaration filed in *United States v. Jefferson,* No. 97-cr-276 (D. Minn.) that in October 2020 the inmates in Unit #3A were tested daily for temperature and inquired of for their symptoms is "another blatant lie." (Doc. 88, p. 5). He argues that there are only four instances recorded for the month of October in 2020 of medical staff taking temperature readings and asking for symptoms. Cheeks has not made a made a sworn statement in this case regarding the frequency of temperature checks in October 2020 at FCI-Greenville. The Court does not see how the statement made in *Jefferson* conflicts with the statements made by Cheeks in the declaration filed in the present proceedings. The fact that Reynolds disagrees with a declaration made in another case does not demonstrate that Cheeks has committed perjury here.

Not only has Reynolds, again, not demonstrated perjury, but, in the end, he is simply restating arguments already presented to the Court. This is not an appropriate use of a motion to reconsider. Thus, the motion for reconsideration is denied. (Doc. 88).

## MOTION FOR WRIT OF MANDAMUS

Reynolds has also filed a letter asking the Court to issue a "a mandamus" to reinstate the priority mail envelope and tracking policy at FCI-Greenville. (Doc. 95). He claims that "the Respondents" have removed any and all priority mail boxes and envelopes from the mailroom and unit, and he will be forced to mail his court documents through regular postal mail, which has weight limitations, will result in increased mailing costs, and does not allow for tracking.

To the extent Reynolds is seeking a writ of mandamus, the request is denied. A writ of mandamus is a separate action that is assigned its own civil case number and requires a separate filing fee. Mandamus is not available by filing a motion in an existing *Bivens* case.

If Reynolds is seeking to amend his Complaint, the request is also denied. The Court does not accept piecemeal amendments to the original Complaint.

Finally, to the extent Reynolds is requesting preliminary injunctive relief, such request is denied. A "preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jai*l, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). *See also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr,* 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation"). Reynolds is proceeding on claims against Defendants for constitutional violations regarding medical treatment and allegations regarding mail procedures at FCI-Greenville are outside the scope of the Complaint.

### DISPOSITION

For the reasons stated above, the motion for reconsideration (Doc. 88) is **DENIED** and the request for a Court issued mandamus (Doc. 95) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:   August 25, 2021**

　　　　　　　　　　　　　　　　　　　 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**